## The People *ex rel.* Stine *v.* Supervisors of Vermilion County.

### (November Term, 1866.)

Process of the Supreme Court — *where returnable.* An alternative writ of mandamus awarded by the Supreme Court in one grand division, cannot be made returnable in another grand division. The jurisdiction of this court, is, in that regard, exclusive in each grand division.

This was an application to this court at the November Term, 1866, at Mount Vernon, for an alternative writ of mandamus, which Mr. E. M. Haines, on behalf of the relator, moved should be made returnable to the January Term, to be held at Springfield.

Mr. Haines contended that the principle upon which this court sends the writ of mandamus to any portion of the State, as an original proceeding, in the absence of any prohibitory provision, it is believed admits of making the writ returnable to the next term in the adjoining grand division, especially

where it appears that no other course can be pursued to give the relief sought. *People* v. *Hatch and Dubois*, 33 Ill. 9; *People ex rel. Fuller* v. *Hilliard*, 29 id. 413.

Per CURIAM : We cannot award the writ to be made returnable at Springfield. The jurisdiction of this court, is, in that regard, exclusive in each grand division. A writ issued in one division cannot be made returnable in another division, any more than a writ issued from a Circuit Court in one county can be made returnable to the court in another county in the same circuit. It is a well settled rule that a suit commenced in one jurisdiction must be prosecuted to its final determination in that jurisdiction, unless removed into another jurisdiction under some provision of law.